IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:08-cv-1823-orl-22 DAB

ELIZABETH DORE, an individual,

    Plaintiff,

v.

PIONEER CREDIT RECOVERY, INC.,
a New York corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Elizabeth Dore, an individual, sues Defendant, Pioneer Credit Recovery, Inc., a New York corporation, and alleges:

### *INTRODUCTION*

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and for pendant state law claims.

2. The FDCPA was enacted by Congress to curtail abusive, deceptive and unfair debt collection practices by debt collectors which were found by Congress to contribute to personal bankruptcy, marital instability, loss of jobs and invasions of privacy under 15 U.S.C. §1692(a).

### *JURISDICTION*

3. Jurisdiction of this Court arises under 15 U.S.C §1692K and 28 U.S.C.§1337, and

-1-

supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

4. At all times material hereto, Plaintiff, Elizabeth Dore ("Ms. Dore") is *sui juris* and a resident of Brevard County, Florida.

5. Defendant, Pioneer Credit Recovery, Inc. ("Pioneer Credit"), is a New York corporation doing business in Broward County, Florida.

6. Pioneer Credit is properly subject to jurisdiction in the State of Florida and venue in this District pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

## *FACTUAL ALLEGATIONS*

### Student Loan by Third Party with Same Name

7. By information and belief, at some unknown time in the past, a person having the same name as Ms. Dore ("Actual Debtor") apparently financed her education at the Fort Lauderdale Art Institute using student loans from unknown sources ("Third Party Student Loans").

8. Ms. Dore has never attended the Fort Lauderdale Art Institute nor did she apply for a student loan to attend same. Further, Ms. Dore has no knowledge concerning the identity of the Actual Debtor, other than the information which she obtained as a result of the collection efforts of a prior collector attempting to collect the Third Party Student Loans.

9. By information and belief, at some unknown time in the past, the creditor which owned the Third Party Student Loans retained the services of Pioneer Credit for the purpose of collecting monies purportedly owed under the Third Party Student Loans.

## **Collection Efforts of Defendant**

10. Commencing in July, 2008 through to the filing hereof, Pioneer Credit, through its employees, agents and representatives, repeatedly contacted Ms. Dore concerning the Student Loans, despite knowledge that the Student Loans were not an obligation of Ms. Dore.

11. On Thursday, July 17, 2008, an employee of Pioneer Credit by the name of "Michelle" telephoned the employer of Ms. Dore, Coldwell Banker Realty, for the stated purpose of "verifying" employment of Ms. Dore, as well as with the date of birth and the last four digits of the social security number of Ms. Dore.

12. In the course of the telephone communication with the employer of Ms. Dore, Pioneer Credit did not state that Pioneer Credit was confirming or correcting location information concerning Ms. Dore as required under 15 U.S.C. §1692b(1).

13. When the employer of Ms. Dore refused to provide the requested information to "Michelle," the call from "Michelle" was directed to the voice mail of Ms. Dore.

14. At 1:00 p.m. on Thursday, July 17, 2008, "Michelle" left the following message on the voice mail of Ms. Dore at Coldwell Banker:

> This message is meant only for Elizabeth Dore and is about a personal business matter. If you are not Elizabeth Dore, do not listen to the rest of this message. By continuing to listen to this message you acknowledge that you are Elizabeth Dore. Elizabeth Dore, this message is from Mrs. Smith with Pioneer Credit Recovery and this is an attempt to collect a debt. Please call me back at (877)907-1866. Federal law requires that we advise you this communication is from a debt collector. Any information you provide to us will be used for this purpose. Again, this message is meant only for Elizabeth Dore. Please call me back at (877) 907-1866. Thank you.

15. On Friday, July 18, 2008, at 11:17 a.m., yet another caller on behalf of Pioneer Credit by the name or trade alias "Stacey Stanley" left the following voice mail message for Ms. Dore at her place of work:

> Hi, I was looking to speak with Liz Dore. Uhm, Liz, this is Stacey Staley calling, calling in regards to license number 700499. Which you would be able to call me please, it's an important call (800) 609-0274. Uh, the Florida Board Division of Real Estate Licenses has [unintelligible] this directly to Elizabeth Dore. So please call the office back at 1-800-609-0274 and my extension directly to my office is 22127. Thank you very much.

16. The representation of Pioneer Credit that the telephone call involved the real estate license of Ms. Dore was false, deceptive, misleading, unfair and unconscionable; the reference to the license number was purposeful in order to create a false sense of urgency on the part of Ms. Dore to immediately telephone Pioneer Credit.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1642, ET. SEQ.)

17  This is an action for violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.*.

18. Ms. Dore realleges and reaffirms the allegations contained in Paragraphs 1 through 16 above as if set forth hereat in full.

19. At all times material hereto, Ms. Dore was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

20. At all times material hereto, the Student Loans were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

21. At all times material hereto, Pioneer Credit was a "debt collector" as said term is

defined under 15 U.S.C. §1692a(6).

22. As more particularly described above, Pioneer Credit has violated the FDCPA in that Pioneer Credit has:

(a) communicated with a person other than the consumer for the purpose of acquiring location information about the consumer in contravention of 15 U.S.C.§1692b(1) and (3);

(b) communicated with Ms. Dore at her place of employment in contravention of 15 U.S.C. §1692c(a)(3);

(c) communicated with a third party other than the consumer in violation of 15 U.S.C. §1692c (b);

(d) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(e) placed telephone calls without meaningful disclosure of the caller's identity in contravention of 15 U.S.C. §1692d(6);.

(f) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f;

(g) used false, deceptive or misleading representations or means in connection with the collection of any debt in contravention of 15 U.S.C. §1692l; and

(h) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692l(10).

23. As a direct and proximate result of the violation of the FDCPA by Pioneer Credit,

Ms. Dore has been damaged. The damages of Ms. Dore include mental pain and shock, suffering, aggravation, humiliation and embarrassment.

24. Pursuant to 15 U.S.C. §1692k, Ms. Dore is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

25. Ms. Dore has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Elizabeth Dore, an individual, demands judgment against Defendant, Pioneer Credit Services, Inc., a New York corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

27. Ms. Dore realleges and reaffirms the allegations contained in Paragraphs 1 through 16 above as if set forth hereat in full.

28. At all times material hereto, the monies purportedly owed under the Student Loans constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

29. At all times material hereto, Ms. Dore was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

30. At all times material hereto, the Student Loans were a "creditor" as said term is defined under Florida Statutes §559.55(3).

31. At all times material hereto, Pioneer Credit was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

32. As more particularly described above, Pioneer Credit has violated the FCCPA in that Pioneer Credit has:

   (a) Communicated with the employer of Ms. Dore in violation of Florida Statutes §559.72(4); and

   (b) Willfully engaged in conduct which can reasonably be expected to abuse or harass Ms. Dore in contravention of Florida Statutes §559.72(7).

33. As a direct and proximate result of the violation of the FCCPA by Pioneer Credit, Ms. Dore has been damaged. The damages of Ms. Dore include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

34. Ms. Dore has retained the undersigned law firm to represent her interest herein.

35. Pursuant to Florida Statute §559.77, Ms. Dore is entitled to recover actual damages together with additional statutory damages up to $1,000.00, with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Elizabeth Dore, an individual, demands judgment for damages against Defendant, Pioneer Credit Services, Inc., a New York corporation, together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Elizabeth Dore, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, FL 33316
(954) 763-8660/Telephone
(954) 763-8607 Telecopier
E-mail:rphyu@aol.com